Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*                                                              Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE GOODRITZ** | : | No. |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **711 CHESTNUT ASSOCIATES L.P.** | : | |
| | : | |
| and | : | |
| **PARKWAY PARKING** | : | |
| **MANAGEMENT, LLC** | : | **COMPLAINT** |
| | : | |
| Defendants | : | |

## PRELIMINARY STATEMENT

George Goodritz (the "Plaintiff"), by and through his counsel, brings this lawsuit against 711 Chestnut Associates, L.P. and Parkway Parking Management LLC, seeking all available relief under the Americans with Disabilities Act for the failure to comply with the Act's accessibility requirements. Plaintiff is seeking injunctive relief requiring the Defendants to remove the accessibility barriers which exist at their parking facility. The allegations contained herein are based on personal experience of the Plaintiff.

## I.  JURISDICTION

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.

2. This civil controversy arises under the laws of the United States, and jurisdiction in conferred upon this District Court, pursuant to 28 U.S.C. §1331.

## II.  VENUE

3. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

4. Venue is proper in this judicial District as provided by 28 U.S.C. §1391(b).

## III.  PARTIES

5. Plaintiff is a 69 year-old adult male who currently resides in the Commonwealth of Pennsylvania.

6. Plaintiff is a disabled individual.

7. According to the Philadelphia Board of Revision of Taxes, 711 Chestnut Associates L.P. ("Defendant Chestnut") is the owner of the parking lot located at 711 Chestnut Street, Philadelphia, Pennsylvania 19106, having a tax account number of 885749840.

8. Defendant Chestnut is a foreign limited partnership registered with the Pennsylvania Department of State under entity identification number 4027886.

9. Defendant Chestnut has a business address of 150 North Broad Street, Philadelphia, Pennsylvania 19102.

10. Parkway Parking Management, LLC ("Defendant Parkway") is a domestic limited liability company registered with the Pennsylvania Department of State under entity identification number 4297462.

11. Defendant Parkway has a business address of 150 North Broad Street, Philadelphia, Pennsylvania 19102.

12. Defendant Chestnut and Defendant Parkway are collectively referred to herein as the "Defendants."

## IV. STATEMENT OF FACTS

*The Parking Facility*

13. Defendant Chestnut owns a public parking lot located at 711 Chestnut Street, Philadelphia, Pennsylvania 19106 (the "Parking Facility").

14. Upon information and belief, Defendant Parkway manages the Parking Facility for Defendant Chestnut.

15. The Parking Facility offers parking to the general public.

16. For a fee, an individual can park a vehicle in the Parking Facility at the prevailing market rates.

17. According to Defendant Parkway's website, the Parking Facility has 65 (sixty-five) parking spaces.[1]

18. Once inside the Parking Facility, the customer must locate an empty parking space on the lot to park his or her vehicle.

19. After parking, the customer gives his or her vehicle keys to the Parking Facility's parking attendant.

20. Upon the conclusion of the customer's use of the Parking Facility, the customer must pay at a payment kiosk located on the lot.

---

[1] http://www.parkwaycorp.com/?id=104

21. The payment kiosk accepts payment for the time that the customer's vehicle was at the Parking Facility.

22. The Parking Facility has no marked handicap-accessible parking spaces.

23. The Parking Facility has no marked van-accessible handicap parking spaces.

24. The Parking Facility is not a valet-only facility; customers are able to self-park their vehicles.

*The Plaintiff*

25. The Plaintiff is a disabled individual within the meaning of the ADA.

26. The Plaintiff has difficulty walking.

27. The Plaintiff possesses a handicap parking placard issued by the Commonwealth of Pennsylvania.

28. The Plaintiff's handicap parking placard permits him to park his vehicle in spaces designated as being handicap-accessible.

29. The Plaintiff's personal vehicle is a 2016 Toyota RAV 4.

30. The Plaintiff's handicap parking placard hangs on the rear-view mirror of his vehicle.

31. The Plaintiff travels to Philadelphia frequently, and is often unable to find parking on the streets.

32. Plaintiff parks in a parking garage or parking lot when on-street parking is not available.

33. The Plaintiff has patronized the Parking Facility.

34. The Plaintiff would patronize the Parking Facility in the future, but is currently deterred because of the lack of any handicap-accessible parking places.

## THE AMERICANS WITH DISABILITIES ACT

35. Congress enacted the Americans with Disabilities Act ("ADA") in 1990 with the purpose of providing "[a] clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "[c]lear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

36. The ADA provides a private right of action for injunctive relief to "any person who is being subject to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1).

37. Under the ADA, a disability is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

38. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

39. "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

40. A "public accommodation" are private entities whose operations affect commerce. See 42 U.S.C. § 12181(7).

41. In relevant part, Title III requires that the facilities of a public accommodation be "readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable." 42 U.S.C. § 12183(a)(1).

42. "Readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense. 28 C.F.R. § 36.104.

43. Under Title III, places of public accommodation and commercial facilities that are newly constructed for occupancy beginning after January 26, 1992, must be "readily accessible to and usable by" individuals with disabilities. 28 C.F.R. § 36.401(a) (1).

44. Existing facilities whose construction predates January 26, 1992, must meet the lesser "barrier removal standard," which requires the removal of barriers wherever it is "easily accomplishable and able to be done without undue burden or expense." 28 C.F.R. § 36.304(a).

45. Discrimination, for purposes of a public accommodation, includes "[a] failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities" except where an entity can demonstrate that it is structurally impracticable to meet the requirements set forth by the ADA. 42 U.S.C. § 12183.

46. Under the ADA, businesses or privately owned facilities that provide goods or services to the public have a continuing obligation to remove accessibility barriers in existing parking lots when it is readily achievable to do so.

47. The restriping/repainting of the parking space borders in relatively inexpensive, and should be readily achievable and easily accomplishable.

*Accessible Parking under the ADA*

48. The 1991 implementing rules and the 2010 revisions to the ADA set forth the following requirements for handicap-accessible parking spaces:[2]

| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2% of the total number of parking spaces |
| More than 1001 | 20, plus 1 for each 100 parking spaces over 1000 |

49. The ADA requires that handicap-accessible parking spaces be at least 96 (ninety-six) inches wide. See Appendix A to Part 36- Standards for Accessible Design, 28 C.F.R. Part 36.[3]

50. The width of a parking space is measured from the center of each parking line bordering the parking space.[4] (**See Exhibit A**)

---

[2] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#pgfId-1010282
[3] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[4] Id.

51. The ADA requires that there be an access isle for the handicap-accessible parking space that is at least 60 (sixty) inches wide. (**See Exhibit A**)

52. The 1991 ADA regulations require that one in every eight accessible spaces must be van accessible.[5]

53. The 2010 ADA regulations state that one in every six accessible spaces must be van accessible.[6]

54. The path a person with a disability takes to enter and move through a facility is called an "accessible route."[7]

55. This route, which must be at least three feet wide, must remain accessible and not be blocked.[8]

56. Accessible routes must connect parking spaces to accessible entrances.[9]

57. *"Facility"* means all or any portion of buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property, including the site where the building, property, structure, or equipment is located. 28 C.F.R. § 35.104.

58. ADA accessibility standards require that accessible parking spaces be located on the shortest accessible route from adjacent parking to the accessible entrance of the building.[10]

59. ADA Guidance Standards provide that "[a] "path of travel" includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be

---

[5] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[6] Id.
[7] http://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html
[8] Id.
[9] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements
[10] http://www.ada.gov/adata1.pdf

approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility."[11]

60. "An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements."[12]

*Valet Parking*

61. The 1991 Standards of the ADA and the 2010 Standards of the ADA require parking facilities that provide valet parking services to have an accessible passenger loading zone.[13]

62. Valet parking facilities must have accessible passenger loading zone that has an access aisle that is a minimum of 60 (sixty) inches wide and extends the full length of the vehicle pull-up space. (**See Exhibit B**)

63. The 1991 ADA Standards and the 2010 ADA Standards both require a passenger loading zone to have a vehicle pull-up space that is a minimum of 96 (ninety-six) inches wide and a minimum of 20 (twenty) feet in length.[14] (**See Exhibit B**)

64. The passenger loading zone must be located on an accessible route to the entrance of the facility.[15]

---

[11] https://www.ada.gov/regs2010/2010ADAStandards/2010ADAstandards.htm#curbramps
[12] Id.
[13] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[14] https://www.ada.gov/regs2010/titleIII_2010/reg3_2010_appendix_b.htm
[15] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.6.6

*Signage and the ADA*

65. The ADA standards require the use of the International Symbol of Accessibility (ISA) to identify parking spaces which are reserved for use by individuals with disabilities.[16] (**See Exhibit C**)

66. Handicap-accessible parking spaces must be designed as "reserved" by a showing the ISA.

67. The ISA must be used to identify accessible passenger loading zones.

68. Directional signage must be used at inaccessible entrances to provide directions to the nearest accessible route.

69. Parking space identification signs shall be 60 (sixty) inches minimum above the finish floor or ground surface measured to the bottom of the sign.[17]

## COUNT I –

## FAILURE TO PROVIDE THE PROPER NUMBER OF HANDICAP-ACCESSIBLE PARKING SPACES

70. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

71. The United States Supreme Court recognized the term "major life activities" includes walking. Bragdon v. Abbott, 524 U.S. 624, 638–39 (1998).

72. The Plaintiff is a disabled individual within the meaning of the ADA.

73. The major life activity that the constitutes the Plaintiff's disability is his difficulty walking distances.

---

[16] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/background/adaag#4.1

[17] https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/ada-standards/chapter-5-general-site-and-building-elements

74. Defendant Chestnut failed to provide any parking spaces that are labeled as "handicap accessible" at the Parking Facility.

75. Defendant Chestnut failed to provide any parking spaces that are labeled as "handicap accessible" by a van at the Parking Facility.

76. Defendant Parkway failed to provide any parking spaces that are labeled as "handicap accessible" at the Parking Facility.

77. Defendant Parkway failed to provide any parking spaces that are labeled as "handicap accessible" by a van at the Parking Facility.

78. The Parking Facility's failure to provide any handicap-accessible parking spaces has created an accessibility barrier for the Plaintiff, and other similarly situated disabled individuals.

79. Defendant Chestnut is responsible for ensuring the Parking Facility's compliance with the ADA.

80. Defendant Parkway is responsible for ensuring the Parking Facility's compliance with the ADA.

81. The Defendants can remedy their non-compliance with the ADA's parking requirements by designating several of the available non-handicap-accessible spaces as handicap-accessible spaces.

82. The Defendants can remedy their non-compliance with the ADA's parking requirements by designating several of the available non-handicap-accessible spaces as handicap-accessible spaces by a van.

83. Compliance with the handicap parking space requirements at the Parking Facility is readily achievable.

84. The Defendants' failure to comply with the ADA has denied the Plaintiff the full and equal enjoyment of the parking offered by the Parking Facility.

85. Because his walking distance is limited, the Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA.

86. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

## COUNT II-

## FAILURE TO COMPLY WITH THE SIGNAGE & ACCESS REQUIRMENTS UNDER THE ADA

87. All of the preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

88. The Parking Facility does not have any directional signs for the nearest accessible route.

89. The Parking Facility does not have any marked passenger loading zones for any valet area.

90. The Parking Facility does not have any handicap-accessible parking signs.

91. The Parking Facility does not have any van-accessible handicap-accessible parking signs.

92. The Parking Facility does not have any marked accessible routes.

93. The Defendants can remedy their non-compliance by reallocating existing parking spaces and painting border lines which conform to the dimensional requirements of the ADA for handicap-accessible parking spaces and access aisles.

94. Because his walking distance is limited, the Plaintiff is adversely affected by the Parking Facility's failure to comply with the ADA handicap-accessible parking requirements.

95. The Defendants' failure to comply with the ADA handicap-accessible parking requirements has denied the Plaintiff the full and equal enjoyment of parking offered by the Parking Facility.

96. The Defendants have discriminated against the Plaintiff by their failure to comply with the ADA handicap-accessible parking requirements.

WHEREFORE, Plaintiff, seeks to injunctive relief to require the Defendants to comply with the Americans with Disabilities Act, together with costs and mandatory attorneys' fees under as provided by 42 U.S.C. § 12005, and such other legal and equitable relief from Defendants as the Court deems just and proper.

Respectfully submitted,

By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff, George Goodritz*
Dated: May 9, 2017

## **CERTIFICATE OF SERVICE**

I, Franklin J. Rooks Jr., certify that I served Plaintiff's Complaint via the Court's ECF system.


By: FJR5566

Franklin J. Rooks Jr., Esq.
PA Attorney ID: 309562
Jared A. Jacobson, Esq.
PA Attorney ID: 201382
Jacobson & Rooks, LLC
525 Route 73 North
Suite 104
Marlton, NJ 08053
(856) 874-8999
(856) 494-1707*fax*
*Attorney for Plaintiff, George Goodritz*
Dated: May 9, 2017

# EXHIBIT A

(Source:https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-parking#spaces)

**Vehicle Spaces (§502.2)**
Spaces must be marked to define the 96" minimum width.

**Access Aisle (§502.3)**
An access aisle at least 60" wide and at least as long as the parking space is required on either side of the parking space and must be marked to discourage parking in it. Two spaces can share one aisle. Access aisles cannot overlap vehicular ways.

full length of parking space

96" min    60" min    96" min

**Surfaces (§502.4)**
Parking spaces and access aisles must meet requirements for floor and ground surfaces (§302) and cannot have changes in level other than slopes not exceeding 1:48.

**Markings (§502.1, §502.2, §502.3.3)**
Both the parking space and access aisle must be marked. The marking method and color is not specified in the Standards, but may be addressed by state or local codes or regulations. The width of spaces and aisles is measured to the centerline of markings (but it can include the full width of lines where there is no adjacent parking space or aisles).

## EXHIBIT B

Source https://www.access-board.gov/guidelines-and-standards/buildings-and-sites/about-the-ada-standards/guide-to-the-ada-standards/chapter-5-passenger-loading-zones



**Vehicle Pull-Up Space (§503.2)**
The vehicle pull-up space must be at least 96" wide and at least 20' long.

**Access Aisle (§503.3)**
A marked access aisle is required next to, and at the same level as, the vehicle pull-up space. The access aisle must be at least 60" wide, extend the full length of the vehicle pull-up space, adjoin an accessible route, and cannot overlap vehicular ways. The marking method and color is not specified.

**Surfaces (§503.4)**
Vehicle pull-up spaces and access aisles must meet requirements for ground and floor surfaces (§302) and cannot have changes in level other than slopes not steeper than 1:48. Curb ramps cannot overlap access aisles or vehicle pull-up spaces.

**Vertical Clearance (§503.5)**
A vertical clearance of 114" is required at the vehicle pull-up space and access aisle and along a vehicular route connecting them to a vehicle entrance and exit.

Accessible passenger loading zones are not required to be identified by the International Symbol of Accessibility.

**EXHIBIT C**

